Cohalan, J.
This appeal is taken by the executor of the estate of the decedent from the order fixing the transfer tax on the ground that the remainder in a trust fund has been taxed against the trustees for the benefit of the five per cent class. The executor also appeals on the ground that no allowance was made by the transfer tax appraiser for trustee’s commissions, debts, administration expenses or attorneys’ fees.
By his will the testator gave to his trustees one-third of his residuary estate to pay the income thereof to his daughter, Edna L. 0 ’Brien, for her life. He further provided as follows:
“ On the death of my said daughter, Edna L. O’Brien, I give, devise and bequeath said equal one-third part so devised and bequeathed to the said Thomas A. McCaddon and Joseph T. McCaddon, or such part or portion thereof as may remain in the hands of my said trustees at the time of the death of said Edna L. O’Brien, to the said James A. McCaddon and to my daughter, Sophia Lauterbach, of Zanesville, Ohio, share and share alike, or to the heirs at law of the said James A. McCaddon and Sophia E. Lauterbach, should they, or either of them, die previous to the death of the said Edna L. O’Brien.”
The provisions of law governing the imposition of the transfer tax require thait the remainder in the trust fund be taxed on the assumption of the contingency *523 which would produce the greatest amount of tax. The question before me as to this branch of the appeal resolves itself into the query: Is there any possibility that the remainder after the life interest of Edna L. O’Brien will vest in a person of the five per cent class? If either of the two children of decedent other than Edna L. O’Brien, the life tenant, survive her or predecease her, leave issue surviving, the remainder would vest in a person or in persons of the one per cent class. If it be assumed that the brother and sister of the life tenant predecease her, dying simultaneously, and without issue, the remainder would vest immediately in the life tenant, who would be the only heir of her brother and sister. It is not possible, therefore, that the remainder will vest in a person of the five per cent class, unless the will of testator be construed as if he excepted his daughter, Edna L. O’Brien, when referring to the heirs of his two other children. I do not think that this was the intention of the testator. The case in Matter of Shearson, 220 N. Y. 584, on which the state comptroller relies, does not, in my opinion, support his contention on this appeal.
The transfer tax appraiser cannot be properly charged with error in making no pro rata deductions for the debts, administration expenses or attorneys’ fees from the estate of the decedent (who was a nonresident), when, as the record shows, no claim was made for these allowances by the representatives of the estate. Commissions were deducted on the estate taxable within this jurisdiction. As the property transferred was a part of the estate held in trust, the appraiser properly allowed only one set of commissions.
The order fixing tax may be modified by assessing the remainder after the life estate of Edna L. O’Brien in one-third of the residuary estate against the executor for the benefit of persons in the one per cent class.
Order modified.